IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | ORDER |
| Plaintiff, | |
| | 17-cr-20-wmc-7 |
| v. | |
| SEAN BROWN, | |
| Defendant. | |

---

The court is in receipt of defendant Sean Brown's appeal from Magistrate Judge Crocker's denial of his motion for release pending trial under 18 U.S.C. § 3145(b). (Dkt. #84.) Having reviewed the Western District of Wisconsin and Central District of California Pretrial Services Reports (dkt. #65), the defendant's original motion for release pending trial (dkt. #75), and a rough transcript of the hearing before Judge Crocker on that motion, the court will deny defendant's appeal.

As Judge Crocker pointed out persuasively in denying defendant's original motion, Mr. Brown has a dismal record of non-compliance with earlier conditions of release related to multiple state felony convictions, including repeatedly committing new crimes. Most recently, he lied about his place of residence and history of substance abuse to the Pretrial Services Officer for the Central District of California, who would be charged with supervising him were the court to accept his plan to be returned to that district pending trial. This is even before considering the seriousness of the new federal crimes that he is

1

now being charged with committing in this district by use of interstate commerce from California.

Defendant's principal argument on appeal to me is the same one made to and rejected by Judge Crocker – essentially, that the gravity of the current charges for distribution of large quantities of pure methamphetamine or ICE, the availability of location monitoring technology and the incentive to perform well on pre-trial release in order to argue for a lower sentence should he be convicted, are all reasons to believe he is neither a flight risk nor a continued danger to society. At best, this argument is a double-edged sword. Given the gravity of the charges here, including what could be a mandatory minimum sentence of 10 years, Mr. Brown's flight risk may actually be greater than for past offenses, particularly because location monitoring devices are not nearly the sweeping prophylactic that defendant's counsel would suggest, both because of delays in reporting violations and the lack of manpower to act on a violation promptly.

More importantly, the location monitoring is unlikely to act as any kind of deterrent to the defendant committing similar acts of methamphetamine distribution, particularly since his activities can be masked by coming and going for drug treatment or employment. This is no idle danger given that a grand jury has already found there is probable cause to believe the defendant did *exactly* that while on probation from his last state offense.

Finally, the defendant's track record makes him a bad bet to have suddenly seen the need to address his own addictions and to participate meaningfully in treatment, assuming he locates an appropriate program and attends. Even if he were to be turning over a new

leaf -- and it would be high time -- the court can think of no worse place to return him than the very environment in which he has repeatedly fallen victim to the temptations of drugs and crime. Indeed, even his proposed living arrangement, with a mother with whom he has not remained in regular contact, seems doomed to fail. For all these reasons, as well as those provided by Magistrate Judge Crocker orally in his original denial of defendant's motion for release pending trial under 18 U.S.C. § 3145(b),

ORDER

IT IS ORDERED that defendant's appeal (dkt. #84) is DENIED.

Entered this 25th day of May, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge